UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:16-cr-00008-1

———

**United States of America**

v.

**Cory Carnell Mitchell**

———

## ORDER

In 2017, defendant pleaded guilty to conspiracy to commit kidnapping, in violation of 18 U.S.C. § 1201(c). Defendant was sentenced to 262 months of imprisonment, to be followed by five years of supervised release. Defendant is reportedly confined at FCI Lompoc and has served approximately 55 months of his term of imprisonment.

Now before the court is defendant's motion (Doc. 263) to reduce his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the court **denies** that motion.

### Analysis

**I. Legal standards**

18 U.S.C. § 3582(c) prohibits a court from modifying a term of imprisonment once imposed except in the limited circumstances defined in that subsection. As relevant here, the statute allows a court to reduce a term of imprisonment if a specified motion is made and the court makes specified findings. 18 U.S.C. § 3582(c)(1)(A). Defendant, as the movant, bears the burden of showing his eligibility for relief under that provision. *United States v. Roberts*, 2020 WL 2130999, at *3 (W.D. La. 2020). Any such sentence reduction "is discretionary, not mandatory." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

**A.** The motion required by § 3582(c)(1)(A) must be brought by either (a) the Director of the Bureau of Prisons or (b) the defendant moving for relief after either:

[1] the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or

[2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,

whichever is earlier[.]

18 U.S.C. § 3582(c)(1)(A) (indentation altered). In other words, the statute's timing requirement for a defendant's motion is met upon the earlier of either [1] exhaustion of administrative appeals or [2] a 30-day waiting period from the warden's receipt of a request for the Bureau to bring a motion on the defendant's behalf. The allowance for judicial consideration of relief without exhaustion of administrative remedies likely reflects the concern of the First Step Act of 2018 with terminally ill prisoners, whose death trajectory may be expected to incentivize their prompt use of administrative appeals so that prisoners can come to court before the 30-day waiting period. *See generally* 18 U.S.C. § 3582(d) (requiring, for terminally ill defendants, that the Bureau process their requests for sentence reduction within 14 days of the receipt of such requests).

**B.** Even with a sufficient motion, section 3582(c)(1)(A) does not allow a sentence reduction unless, after considering the applicable factors in § 3553(a), the court finds:

[1] that

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has

been made by the Director of the Bureau of Pris-
ons that the defendant is not a danger to the
safety of any other person or the community, as
provided under section 3142(g);

and

[2] that such a reduction is consistent with applicable
policy statements issued by the Sentencing Com-
mission[.]

18 U.S.C. § 3582(c)(1)(A) (line breaks altered).

The sentencing factors in § 3553(a) are:

(1) the nature and circumstances of the offense and the
history and characteristics of the defendant;

(2) the need for the sentence imposed—(A) to reflect
the seriousness of the offense, to promote respect
for the law, and to provide just punishment for the
offense; (B) to afford adequate deterrence to crimi-
nal conduct; (C) to protect the public from further
crimes of the defendant; and (D) to provide the de-
fendant with needed educational or vocational
training, medical care, or other correctional treat-
ment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range es-
tablished for [] the applicable category of offense
committed by the applicable category of defendant
as set forth in the guidelines . . . ; and

(5) any pertinent policy statement [] issued by the Sen-
tencing Commission; and

(6) the need to avoid unwarranted sentence disparities
among defendants with similar records who have
been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the
offense.

18 U.S.C. § 3553(a).

The reference in § 3582(c)(1)(A) to "applicable policy statements" embraces § 1B1.13 of the Sentencing Commission's *Guidelines Manual*. Section 1B1.13 is a "policy statement" and is expressly applicable to a "reduction in term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)." U.S.S.G. § 1B1.13, p.s.; *accord id.* comment. (backg'd) (stating that this policy statement implements the directive in 28 U.S.C. § 994(a)(2) and (t) for the Commission to develop policy statements and to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples").

The most recent version of the Guidelines Manual, published in November 2018, provides in full:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—

> (1) (A) extraordinary and compelling reasons warrant the reduction; or

> (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

> (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13, p.s.

The application notes to § 1B1.13 state that, provided the defendant is not a danger to any other person or the community, "extraordinary and compelling reasons" exist in the following circumstances:

(A) **Medical Condition of the Defendant.**—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I)     suffering from a serious physical or medical condition,

(II)    suffering from a serious functional or cognitive impairment, or

(III)   experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) **Age of the Defendant.**—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) **Family Circumstances.**—(i) The death or incapacitation of the caregiver of the defendant's minor

child or minor children. (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available care-giver for the spouse or registered partner.

(D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defend-ant's case an extraordinary and compelling reason other than, or in combination with, the reasons de-scribed in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, comment. (n.1). The commentary does not foreclose that extraordinary and compelling reasons might exist in other circumstances.

## II. Application

**A.** Defendant has not shown that he has made a motion required by statute to allow judicial consideration of sentence reduction under § 3582(c)(1)(A). Defendant's motion states that he submitted a request for compassionate release to his warden on July 7, 2020, and that his request was denied on April 7, 2020. Doc. 263 at 3. But a request to the warden is not attached to defendant's motion, so the court cannot ascertain the contents of the alleged July 7 request to the warden. Nor will the court draw any unsupported inferences about that al-leged request given defendant's statement that it was denied on April 7, before the request was allegedly made on July 7. Thus, the instant motion does not show that the 30-day-wait-ing-period requirement is met. Defendant does not claim the alternative exhaustion-of-administrative-appellate-remedies requirement for judicial consideration is met.

**B.** Even assuming that defendant's motion was sufficient to allow consideration of a sentence reduction under the stat-ute, the court does not find that a sentence reduction in this case is warranted.

Defendant does not meet the age/time-served test for com-passionate release, *see* 18 U.S.C. § 3582(c)(1)(A)(ii), and has not carried his burden of persuading the court that

"extraordinary and compelling reasons" warrant his early release. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Defendant reports that he contracted and was hospitalized for 36 days from COVID-19, which is causing lingering health effects. But defendant has not shown that he is currently suffering from a terminal illness or other medical condition listed in application note 1(A) to § 1B1.13. He does not meet the age and time-served requirements of application note 1(B) or the family-circumstances requirements of application note 1(C). And the Director of the Bureau of Prisons has not made the finding described in application note 1(D). Accordingly, the "extraordinary and compelling reasons" listed in that *Guidelines* commentary have not been proved here.

The court shares defendant's concern about the effect of the COVID-19 pandemic in Bureau of Prisons facilities. Nevertheless, concerns about COVID-19 in Bureau of Prisons facilities are not being ignored by the government. Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, "expand[s] the cohort of inmates who can be considered for home release." Pursuant to that provision, on April 3, 2020, Attorney General Barr issued a memorandum instructing the Bureau to maximize transfer to home confinement of "all appropriate inmates held at FCI Oakdale, FCI Danbury, FCI Elkton, and similarly situated BOP facilities where COVID-19 is materially affecting operations." *See* Memorandum from Attorney Gen. to Dir., Bureau of Prisons, *Increasing Use of Home Confinement at Institutions Most Affected by COVID-19* (Apr. 3, 2020), www.bop.gov/coronavirus/docs/bop_memo_home_   confinement_april3.pdf. The court believes that Bureau of Prisons processes should be allowed time to work, adapt to changing circumstances, and determine if some type of furlough or temporary home confinement is appropriate.

Independently, the court is not persuaded to exercise its discretion to afford an early release from prison in light of the

§ 3553(a) sentencing factors, which led to imposition of the current prison sentence. Defendant was convicted of a serious felony offense, and consideration of the § 3553(a) factors here militates against reducing defendant's sentence to time served. When the court sentenced defendant, it followed the statutory mandate that it impose a sentence that was "not greater than necessary." Defendant received a sufficient but judicious sentence, reduction of which would not be consistent with the pertinent sentencing factors.

### Conclusion

For the foregoing reasons, defendant's motion for a reduction of his term of imprisonment (Doc. 263) is **denied**.

*So ordered by the court on September 1, 2020.*

J. CAMPBELL BARKER
United States District Judge