IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v. | § | CIVIL ACTION NO. 6:16cr8 |
| CORY MITCHELL | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

The Movant Cory Mitchell, an inmate currently confined in the U.S. Penitentiary in Lompoc, California, filed the present motion for compassionate release. The motion has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Mitchell pleaded guilty to and was convicted of conspiracy to commit kidnapping. On April 5, 2017, he was sentenced to 262 months in prison followed by 60 months of supervised release, plus a $100.00 special assessment. Mitchell did not appeal his conviction.

On April 8, 2020, Mitchell filed a motion to reduce sentence under 18 U.S.C. §3582(c). Such motions are commonly referred to as requests for compassionate release under the First Step Act. This motion was denied by minute order on April 14, 2020.

On April 24, 2020, Mitchell filed a second motion for release from custody. This motion was denied on April 29 because Mitchell was represented by counsel and thus cannot file *pro se* motions. The Court directed counsel to confer with Mitchell regarding the nature of the representation relationship and to work with him to file a motion on his behalf if appropriate, or to file a motion to withdraw so that Mitchell can proceed *pro se*.

Counsel was discharged on August 20, 2020.  On August 26, 2020, Mitchell filed a third motion for release from custody under 18 U.S.C. §3582.  This motion was denied on September 1, 2020, because Mitchell failed to exhaust the required administrative remedies under the First Step Act and did not show extraordinary and compelling circumstances.  In addition, the Court observed that Mitchell was convicted of a serious felony offense and consideration of the sentencing factors under 18 U.S.C. §3553(a) militates against reducing his sentence to time served.

On September 21, 2020, Mitchell filed his fourth motion for compassionate release, which is currently under consideration.  In his motion, he contends that his life is at stake because of his medical condition.  He states that his previous motion was "not fully equipped to convince the courts" because of lack of law library access and complains that "it seems [as] if the courts see nothing wrong with the violation of constitutional amendments."

Mitchell argues that there was insufficient evidence, apart from the accomplice testimony of his co-defendants, to support his conviction for aggravated kidnapping because he was not a major participant in the act.  He argues that he is entitled to a sentence reduction pursuant to U.S. v. Davis, 139 S.Ct. 2319 (2019) because "a vague law is no law at all."

After setting out the facts of his offense of conviction, Mitchell states that he has no criminal history and six children, as well as a disabled mother who needs care.  He complains that he "received a greater sentence than a murderer" and that he did not kill or harm anyone.  He states that he is rehabilitated and remorseful.  Mitchell further indicates that he has contracted Covid-19, although it is not clear if he continues to suffer from this ailment or if he has recovered; he complains that the facility did not implement the required protective measures for Covid-19.

In an attachment, Mitchell refers to two other issues he wants to raise.  He asks for a declaratory judgment under 28 U.S.C. §2201 and a "writ for judgment" under the All Writs Act, 28 U.S.C. §1651.  He also challenges the "unconstitutional behavior of 18 U.S.C. §3231, Jurisdiction and Venue."  According to Mitchell, this statute has "double standards in a statute of the definition of 'state.'" He explains that 21 U.S.C. §802(26) refers to "the State of the United States," while his

indictment says "United States of America v. Cory Mitchell," and 21 U.S.C. §889(a)(3) also re-defines the term "state." Consequently, Mitchell argues as follows:

> The manipulation of a few words redefine how it is a 'state' according to law. The alteration of how 'state' is used is a double standard that violates the Appropriations Clause. This double law is unconstitutional. In furtherance, my indictment lacked jurisdiction. When you impose the re-definition of what it originally is, you violate my constitutional rights. See NCAA v. Murphy. It demonstrates how federal supremacy works. And prison officials are in violation of 42 U.S.C. §271(a), Penalties for Violation of Quarantine Laws, and may be subject to fines and/or imprisonment.

Mitchell goes on to assert that experts at the Center for Disease Control have admitted that they do not know how long persons who have had Covid-19 remain contagious and that he is being subjected to conditions which expose him to disease or death. Thus, he asserts that prison officials are guilty of reckless endangerment and deliberate indifference. Mitchell says that he would be much safer if granted compassionate release and asks that the Court review his medical records and read his pleadings liberally.

**II. Discussion**

Although Mitchell discusses the validity of his conviction at some length, including references to the sufficiency of the evidence against him and the validity of his indictment. challenges to the validity of a conviction are not cognizable in a motion for compassionate release under 18 U.S.C. §3582(c). United States v. Woods, civil action no. 1:17cr118, 2020 U.S. Dist. LEXIS 132008, 2020 WL 4318758 (S.D.Miss., July 26, 2020), *citing* Figueroa v. Chapman, 347 F.App'x 48, 2009 U.S. Dist. LEXIS 20865, 2009 WL 2998697 (5th Cir. 2009) *and* United States v. Handerhan, 789 F.App'x 924, 2019 U.S. App. LEXIS 29988, 2019 WL 4898675 (3rd Cir. 2019).

Instead, challenges to the validity of a conviction are properly brought in a motion to vacate or correct sentence under 28 U.S.C. §2255. Mitchell's current motion for compassionate release cannot be construed as seeking relief under §2255 because in his guilty plea, he agreed not to contest the conviction or sentence in any post-conviction proceeding, including a proceeding under §2255. In addition, the statute of limitations under §2255 appears to have expired.

These facts do not legally preclude Mitchell from challenging the validity of his conviction under 28 U.S.C. §2255, and the Clerk of Court shall send him a §2255 form for his use if he wishes to do so. However, Mitchell should be aware that should he challenge his conviction under §2255, he must show why neither the plea waiver nor the statute of limitations bar him from obtaining relief.

Mitchell states that he seeks a declaratory judgment under 28 U.S.C. §2201, the Declaratory Judgment Act, and a "writ of judgment" under 28 U.S.C. §1651, the All Writs Act. The Declaratory Judgment Act provides an equitable remedy allowing a party to ask a federal court to declare the party's rights through an order with the force and effect of a final judgment. 28 U.S.C. §2201(a); Herrera v. Wyoming, 139 S.Ct. 1686, 1712, 203 L.Ed.2d 846 (2019). Mitchell does not indicate what rights he wants declared, and in any event, there is no right to compassionate release. *See* United States v. Chambliss, 948 F.3d 691, 693 (5th Cir. 2020). Furthermore, the Declaratory Judgment Act does not provide post-conviction remedies and is not a vehicle by which prisoners may appeal a criminal conviction or seek release from custody. Johnson v. Onion, 761 F.2d 224, 226 (5th Cir. 1985); Abdel-Whab v. United States, 175 F.App'x 528, 2006 U.S. App. LEXIS 7573, 2006 WL 839027 (3rd Cir. 2006).

While the term "writ of judgment" is obscure, appearing in only a handful of federal cases across the country, the Southern District of Texas has rendered an opinion referring to a writ of execution as a writ of judgment. FinServ Cas. Corp. v. Settlement Funding, LLC, 724 F.Supp.2d 662, 664-65 (S.D.Tex., July 13, 2010). A writ of execution is a means of enforcing a judgment for monetary damages, and likewise cannot secure release from prison. *See, e.g.*, Andrews v. Roadway Express Inc., 473 F.3d 565, 568 (5th Cir. 2006); Fed. R. Civ. P. 69(a). Mitchell has not shown himself entitled to relief under either 28 U.S.C. §2201 or 28 U.S.C. §1651.

Mitchell's contentions concerning the definition of the term "state" relate to the validity of his conviction and thus are not cognizable in a motion under 18 U.S.C. §3582. Although he contends that the prison officials are acting with deliberate indifference, this is not enough to support

4

a claim under the First Step Act; rather, 18 U.S.C. §3582 sets out specific criteria which prisoners must meet in order to be considered for compassionate release. These criteria were set out at length in the Court's order of September 1, 2020. *See also* United States v. Franco, slip op. no. 20-60473, 2020 U.S. App. LEXIS 28181, 2020 WL 5249369 (5th Cir., September 3, 2020) (exhaustion of administrative remedies is mandatory prior to obtaining compassionate release under the First Step Act).

Mitchell further complains about the conditions of confinement at the penitentiary in Lompoc, stating that the facility is unprepared to provide appropriate medical treatment if he becomes more ill, the overcrowded conditions render social distancing impossible, the Bureau of Prisons was supposed to implement steps for Covid-19 but USP-Lompoc did not do so, and Mitchell contracted Covid-19 while he was in medium security, even though he was supposed to be in minimum security. Challenges to the conditions of confinement likewise cannot be brought in a motion for compassionate release; instead, Mitchell may bring a civil suit under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The proper venue for a civil suit regarding the conditions of confinement at USP-Lompoc is the Central District of California.

### III. Conclusion

The Court's order of September 1, 2020 denying compassionate release observed that Mitchell had not exhausted his administrative remedies and did not show extraordinary and compelling reasons warranting early release. Mitchell's present motion does not address exhaustion and likewise fails to show extraordinary and compelling circumstances, and is therefore without merit. Mitchell is cautioned that the continued filing of repeated motions for compassionate release, without showing proof of exhaustion of administrative remedies or extraordinary and compelling reasons for such release, could lead to the imposition of sanctions, including but not limited to monetary sanctions or restrictions upon future filings.

## RECOMMENDATION

It is accordingly recommended that the Movant Cory Mitchell's fourth motion for compassionate release (docket no. 266) be denied.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within fourteen days after being served with a copy. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found.

An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See* Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted and adopted by the district court except upon grounds of plain error. Duarte v. City of Lewisville, 858 F.3d 348, 352 (5th Cir. 2017).

**So ORDERED and SIGNED this 6th day of October, 2020.**

*[signature]*

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE