UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:16-cr-00008

**United States of America**

v.

**Cory Carnell Mitchell.**

### ORDER

Defendant Cory Carnell Mitchell filed his fourth motion for compassionate release on September 21, 2020. Doc. 266. The motion was referred to United States Magistrate Judge John D. Love by minute order on October 5, 2020.

The magistrate judge issued a report and recommendation (Doc. 267) that the defendant's motion be denied. Defendant filed timely objections to the magistrate judge's report and recommendation. Doc. 269. Therefore, the court has conducted a de novo review of the motion and the defendant's objections. The court finds that the defendant's various substantive challenges to his conviction and confinement are not cognizable through a motion for compassionate release.[1] Further, the defendant has not provided evidence that he complied with the court's September 1, 2020 order. Doc. 264. That order denying compassionate release made clear that Mitchell had not exhausted his administrative remedies and did not show extraordinary and compelling reasons warranting early release.

---

[1] *See, e.g.*, *Figueroa v. Chapman*, 347 F. App'x 48, 50 (5th Cir. 2009) ("A compassionate release request is not a matter of illegal or unconstitutional restraint."); *United States v. Fuller*, No. 17-cr-00081-PAB, 2020 WL 4783435, at *3 n. 4 (D. Colo. May 1, 2020) (same); *Johnson v. Onion*, 761 F.2d 224, 226 (5th Cir. 1985) (noting that the Declaratory Judgment Act does not provide post-conviction remedies for prisoners seeking to contest their convictions or custody).

For these reasons, the court **accepts** the magistrate judge's report and recommendation. Defendant's motion for compassionate release is **denied**. Defendant is cautioned that the continued filing of repeated motions for compassionate release, without showing proof of exhaustion of administrative remedies or extraordinary and compelling reasons for such release, could lead to restrictions upon future filings. The clerk of court is **directed** to send defendant a § 2255 form for his use, if he wishes to challenge the validity of his conviction.

*So ordered by the court on November 9, 2020.*

J. CAMPBELL BARKER
United States District Judge