IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v. | § | CIVIL ACTION NO. 6:16cr8 |
| CORY MITCHELL | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The movant Cory Mitchell filed his fifth motion for compassionate release under 18 U.S.C. § 3582(a) on June 7, 2021. The motion was denied on June 9, 2021. On June 21, 2021, Mitchell filed a notice of appeal, following this on July 16 with a motion for leave to proceed *in forma pauperis* on appeal. The motion for leave to proceed *in forma pauperis* on appeal has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. *See* Donaldson v. Ducote, 373 F.3d 622, 625 (5th Cir. 2004) (remanding magistrate judge's denial of *in forma pauperis* status on appeal to the district court for the purpose of reviewing the magistrate judge's certification that the appeal was not taken in good faith).

In order to appeal *in forma pauperis*, the movant must make the proper economic showing and raise issues on appeal which are not frivolous. United States v. Rutherford, 831 F.App'x 713, 2020 U.S. App. LEXIS 33971, (5th Cir. 2020) (denying *in forma pauperis* status in an appeal of the denial of a motion for compassionate release), *citing* Carson v. Polley, 689 F.2d 562, 586 (5th Cir. 1982); *see also* 28 U.S.C. § 1915(a)(3).

Under Fed. R. App. P. 24(a)(3)(A), an appellant is ineligible for *in forma pauperis* status if the court certifies that the appeal is not taken in good faith, meaning there are no legal points arguable on the merits. Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983).

1

The Court has reviewed Mitchell's motions for compassionate release and the orders of denial, and has determined based upon those orders that Mitchell's appeal is not taken in good faith because he does not raise any legal points which are not frivolous or are arguable on the merits. Accordingly, he is not entitled to proceed *in forma pauperis* on appeal.  See United States v. Acosta, 216 F.3d 1079, 2000 U.S. App. LEXIS 40657, 2000 WL 729069 (5th Cir., May 8, 2000) (the proper disposition for certifying a bad-faith appeal in a case not covered by the Prison Litigation Reform Act is an order certifying that the appeal was in bad faith and denying IFP on appeal).

## RECOMMENDATION

It is accordingly recommended that the Movant's appeal be certified as not taken in good faith and the motion for leave to proceed *in forma pauperis* on appeal (docket no. 280) be denied.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found.  An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections.  Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted and adopted by the district court except upon grounds of plain error.  Duarte v. City of Lewisville, 858 F.3d 348, 352 (5th Cir. 2017).

**So ORDERED and SIGNED this 26th day of July, 2021.**

2

*John D. Love*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE